Richard J. Reynolds (SBN 89911)
E-mail: rreynolds@bwslaw.com
Joseph P. Buchman (SBN 148983)
E-mail: jbuchman@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Diablo Grande Community
Facilities District No. 1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DIABLO GRANDE COMMUNITY FACILITIES DISTRICT NO. 1,<br><br>        Debtor. | Case No. 25-26635-A-9<br><br>Chapter 9<br><br>**DEBTOR'S STATUS CONFERENCE STATEMENT**<br><br><u>**Status Conference**</u><br>Date: January 7, 2026<br>Time: 9:30 a.m.<br>Crtm: Dept. A, Ctrm 11<br>2500 Tulare Street, Fresno, California |

Diablo Grande Community Facilities District No. 1 (the "Debtor"), by and through its counsel, Burke, Williams & Sorensen, LLP, hereby provides its Debtor's Status Conference Statement in accordance with the Court's Order Setting Status Conference entered December 4, 2025 [Dkt. 7].

**A.**      **Progress of the Case**

     **1.**      **Events Precipitating Filing**

The Bankruptcy Case was commenced by the filing of the Debtor's Bankruptcy Petition on November 25, 2025 (the "Petition") [Dkt. 1], after the Debtor's governing authority, the Board of the Western Hills Water District (the "Board"), declared a fiscal emergency of the Debtor [Dkt. 4]. The Board was induced to act when it did in part due to the refusal of the Stanislaus County Tax

Collector to delay a tax sale of 103 parcels owned by the Debtor (the "Properties"). In order to safeguard the equity in the Property for the benefit of the Debtor's creditors, including bondholders, the Board determined that the bankruptcy would serve to provide a window for the Debtor to seek a buyer/developer for the Properties and to effect a plan to adjust its debts.

### 2.     Interest of Developers/Purchasers

Since the Petition was filed, the Debtor has communicated with two developers who have expressed a strong interest to work with the Debtor to acquire the Properties and to complete the long-delayed Diablo Grande development. These communications are still in their preliminary stage but the Debtor is encouraged as these developers approached the Debtor before any formal solicitation for interested parties has been made by the Debtor. The Debtor is concurrently seeking assistance in preparing a request for proposals to be communicated to the developer community and expects to have a request for proposals published in the next few weeks.

### 3.     Automatic Stay and Stanislaus County Tax Collector

After the filing of the Petition, the Stanislaus County Tax Collector has made public remarks indicating she does not acknowledge that the automatic stay arising from this case applies to the Properties and has sought to proceed with tax sales against the Properties notwithstanding the commencement of this Bankruptcy Case. The Debtor is informed that the issue revolves around procedures by which the Debtor's ownership of the Properties has been obtained.

Pursuant to the provisions of the Mello-Roos Community Facilities Act of 1982 (Chapter 2.5 of Part 1 of Division 2 of Title 5, commencing with Section 53311 of the California Government Code), the Board, on behalf of the Debtor, initiated seven (7) foreclosure proceedings in the Stanislaus Superior Court (Case Nos. CV-21-003252, CV-21-003177, CV-21-002840, 662071, 662072, CV-23-002388 and CV-23-002753) and one (1) pre-foreclosure proceeding, in order to recover delinquent special taxes levied against the 103 Properties within the community facilities district. After obtaining judgments, and pursuant to California Government Code § 53356.5(a)(5), the Board, on behalf of the Debtor, took title to 102 of the Properties by way of credit bids at foreclosure sales conducted by the Stanislaus County Sheriff's Department from 2023 to 2025. The Board, on behalf of the Debtor, also took title to one of the Properties by way

of a deed in lieu of foreclosure. Through its authorizing resolutions, the Board accepted the relevant deeds for the Properties as follows "WESTERN HILLS WATER DISTRICT, a California water district, on behalf of Diablo Grande Community Facilities District No. 1," making it clear that the Properties are assets of the Debtor and not of the Western Hills Water District.

In order to remove any doubt as to the fact that the Properties are assets of the Debtor and not of the Western Hills Water District, the Board of the Western Hills Water District has authorized the Board's president to execute a grant deed to confirm that title to the Properties is vested in the Debtor, and to have such grant deed recorded. The Debtor expects that this step will settle the issue with the Tax Collector and the Debtor will be able to focus its resources on prosecuting the Bankruptcy Case. If it does not, then the Court will likely see one or more motions regarding the application of the automatic stay to the Properties.

### B.    Proposed Deadlines

#### 1.    Notice of the Commencement of the Case

The Debtor is ready to serve and publish the Notice of Commencement of the Case. The Debtor would like to include in the Notice the deadlines for filing objections to the Petition, and for filing proofs of claim. The Debtor has three creditors (or class of creditor) to whom notice will provided. These are: (1) the municipal bondholders, (2) Stanislaus County for ad valorem property taxes, and (3) the Diablo Grande Homeowners' Association. The bondholders are the class of creditor for whom notice is more involved. The Debtor has identified the Fiscal Agent for the Debtor's bonds as the main contact for the bondholders. The Debtor, with the help of its proposed noticing agent, Verita Global (more information provided below), has also compiled a list of banks and brokers who are holding bonds on behalf of individual bondholders, or who have clients who are bondholders. The identities of the current bondholders are fluid as the Debtor's bonds are freely transferrable. Therefore, Verita Global is prepared to work with the mailing agents of the banks and brokers to facilitate the Notice reaching the individual bondholders.

The Debtor proposes to provide the Notice by mail to the identified creditors and to identified banks and brokers associated with the bondholders according to the best information the Debtor has been able to obtain. In order to comply with 11 U.S.C. § 923, the Debtor proposes

publishing the Notice in the <u>Modesto Bee</u>, an adjudicated newspaper of general circulation in Stanislaus County.

### 2.        Objections to the Petition

The Debtor requests that the Court set a bar date for objections to the Petition approximately 60 days following the Status Conference.  The Debtor also requests that notice of the bar date for objections to the Petition may be combined with the notice of commencement of the case and of the deadline for filing proofs of claim.

### 3.        List of Creditors Per FRBP 1007(e)

The Debtor anticipates filing its list of creditors per FRBP 1007(e) by the time of the Status Conference.  If this has not occurred at the time of the Status Conference, then Debtor's counsel will be prepared to discuss setting a deadline for filing with the Court.

### C.        <u>Other Matters</u>

### 1.        Claims Bar Date

The Debtor requests that the Court set a claims bar date in the case and proposes setting the date in approximately 60 days following the Status Conference.  The notice of the claims bar date may be combined with the notice of commencement of the case and of the deadline for filing objections to the Petition.

### 2.        Noticing and Claims Agent

The Debtor has retained the services of Verita Global, formerly Kurtzman Carson Consultants, LLC ("Verita"), to assist in noticing and to maintain a publicly-accessible website for the bankruptcy case.  The website url is https://www.veritaglobal.net/diablograndecfd1.  Verita is also prepared to provide formal noticing agent and claims agent services for the case.  As the authorized noticing agent, Verita will be better able to maintain an up-to-date noticing list for the bondholders through information from the Depository Trust Company (DTC).  Debtor's counsel will be prepared to discuss this with the Court at the Status Conference.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-5865-3317 v1                    4                    DEBTOR'S STATUS CONFERENCE STATEMENT

Dated:  December 30, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:         /s/ Joseph P. Buchman
          Richard J. Reynolds
          Joseph P. Buchman
          Martin Kosla
          Attorneys for Diablo Grande Community
          Facilities District No. 1